# EXHIBIT D

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEVEN EMERSON, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br> v.<br><br>GENOCEA BIOSCIENCES, INC., WILLIAM D. CLARK, and JONATHAN POOLE,<br><br>    Defendants. | No. 17-cv-12137-PBS |
| BARRY HEANY, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff<br><br> v.<br><br>GENOCEA BIOSCIENCES, INC., WILLIAM D. CLARK, and JONATHAN POOLE,<br><br>    Defendants. | No. 17-cv-12168-PBS |
| TAYLOR WALKER, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br> v.<br><br>GENOCEA BIOSCIENCES, INC., WILLIAM D. CLARK, and JONATHAN POOLE,<br><br>    Defendants. | No. 17-cv-12474-PBS |

**JOINT DECLARATION IN SUPPORT OF THE GENOCEA INVESTOR GROUP'S MOTION FOR CONSOLIDATION OF THE ACTIONS, APPOINTMENT AS <u>LEAD PLAINTIFF, AND APPROVAL OF CO-LEAD AND LIAISON COUNSEL</u>**

We, Omer Yuksel, Lirio Fiocchi, Scott C. Hartmann, Satya Kunapuli, and Raul Zamudio, pursuant to 28 U.S.C. §1746, declare as follows:

1. We, Omer Yuksel ("Yuksel"), Lirio Fiocchi ("Fiocchi"), Scott C. Hartmann ("Hartmann"), Satya Kunapuli ("Kunapuli"), and Raul Zamudio ("Zamudio") (collectively, the "Genocea Investor Group" or "Movant"), respectfully submit this Joint Declaration in support of Movant's Motion for Consolidation of the Actions, Appointment as Lead Plaintiff, and Approval of Co-Lead and Liaison Counsel (the "Joint Declaration"). We are informed of, and understand, the requirements of serving as a lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"). Each of us has personal knowledge regarding the information in this Joint Declaration relating to the respective movant with which we are associated.

2. I, Omer Yuksel, as reflected in my Certification, purchased Genocea Biosciences, Inc. ("Genocea") securities during the Class Period (defined below) and suffered a substantial loss as a result of the disclosure of the violations of the federal securities laws alleged in this action. After due consideration, and after conferring with my counterparts, I decided to join with my counterparts in seeking appointment as Lead Plaintiff.

3. I, Lirio Fiocchi, as reflected in my Certification, purchased Genocea securities during the Class Period and suffered a substantial loss as a result of the disclosure of the violations of the federal securities laws alleged in this action. After due consideration, and after conferring with my counterparts, I decided to join with my counterparts in seeking appointment as Lead Plaintiff.

4. I, Scott C. Hartmann, as reflected in my Certification, purchased Genocea securities during the Class Period and suffered a substantial loss as a result of the disclosure of

the violations of the federal securities laws alleged in this action.  After due consideration, and after conferring with my counterparts, I decided to join with my counterparts in seeking appointment as Lead Plaintiff.

5.       I, Satya Kunapuli, as reflected in my Certification, purchased Genocea securities during the Class Period and suffered a substantial loss as a result of the disclosure of the violations of the federal securities laws alleged in this action.  After due consideration, and after conferring with my counterparts, I decided to join with my counterparts in seeking appointment as Lead Plaintiff.

6.       I, Raul Zamudio, as reflected in my Certification, purchased Genocea securities during the Class Period and suffered a substantial loss as a result of the disclosure of the violations of the federal securities laws alleged in this action.  After due consideration, and after conferring with my counterparts, I decided to join with my counterparts in seeking appointment as Lead Plaintiff.

7.       On October 31, 2017, Steven Emerson filed a putative class action in this District on behalf of all purchasers of Genocea securities between May 5, 2017 and September 25, 2017, both dates inclusive.  The complaint seeks relief against Genocea and other defendants for violations of §§10(b) and 20(a) of the Securities Exchange Act of 1934.

8.       On November 3, 2017, Barry Heany filed a putative class action in this District on behalf of all purchasers of Genocea securities between May 5, 2017 and September 25, 2017, both dates inclusive.  Heany's complaint seeks relief against Genocea and other defendants for violations of §§10(b) and 20(a) of the Securities Exchange Act of 1934.

9.       On December 15, 2017, Taylor Walker filed a putative class action in this District on behalf of all purchasers of Genocea common stock between August 4, 2016 and September

2

25, 2017, both dates inclusive (the "Class Period").[1]  Walker's complaint seeks relief against Genocea and other defendants for violations of §§10(b) and 20(a) of the Securities Exchange Act of 1934.

10.     Because Movant incurred significant losses as a result of the alleged violations of the federal securities laws, and because our members share the common goal of ensuring that the action is prosecuted diligently, we believe that our joint prosecution of the consolidated action will benefit the proposed Class.  Our decision to jointly prosecute the action was also based, in part, on our discussions of the merits of the action with our counsel.

11.     In order to formalize our joint leadership of the action, Yuksel, Fiocchi, Hartmann, Kunapuli, and Zamudio communicated with each other and counsel about the benefits of working together to prosecute the litigation in a collaborative and cohesive manner and the benefits of having experienced law firms serve as Lead Counsel and Liaison Counsel, as well as the procedures and mechanisms for communication and decision-making that will ensure that the putative Class will benefit from our supervision of counsel.

12.     We are committed to the zealous prosecution of the action and will remain actively involved to ensure that they are litigated effectively.  Each of us understands that if Movant is appointed as Lead Plaintiff, each of us will owe a duty to the putative Class to provide fair and adequate representation, oversee counsel, and obtain the largest possible recovery against all culpable parties consistent with good faith and vigorous advocacy.

---

[1]     Movant seeks to represent class members included in the longest alleged Class Period, August 4, 2016 through September 25, 2017, because it is the "longer, most inclusive class period." *In re Gentiva Sec. Litig.*, 281 F.R.D. 108, 113 (E.D.N.Y. 2012) (finding the most inclusive class period to be the proper period when analyzing lead plaintiff motion); *see also Ark. Teacher Ret. Sys. v. Insulet Corp.*, 177 F. Supp. 3d 618, 624 (D. Mass. 2016) ("some courts have held that, in appropriate circumstances, the most inclusive class period should be used to determine the movants' financial interests in a case").

13. Yuksel, Fiocchi, Hartmann, Kunapuli, and Zamudio have agreed that in order to ensure that the action is prosecuted in the best interest of the proposed Class, we will exercise joint decision-making and work together to actively monitor the activities of counsel. In particular, and in order to fulfill our obligation to monitor our counsel and to ensure the effective prosecution of the action, we have established procedures for overseeing the progress of the litigation and communicating regularly with counsel. Such procedures include our agreement to regularly review and discuss case filings with counsel through joint conference calls, as well as other measures that will ensure the work counsel performs is non-duplicative and in the best interest of the putative Class. We have communicated our directive that the action be prosecuted efficiently and without duplication of work to our counsel and are confident they understand our mandate in this regard.

14. We have implemented communication procedures to enable us to confer via phone and/or email on short notice to ensure Movant is able to make timely decisions. We have also directed counsel to advise us of all developments during the action, including the lead plaintiff motion proceedings. We will continue to direct counsel and actively oversee the prosecution of the action for the benefit of the putative Class by, among other things, reviewing pleadings and conferring amongst ourselves. We are also prepared to personally travel to court proceedings, depositions, settlement mediations, and hearings when our presence will be of benefit to the putative Class. For example, should the Court hear oral argument on the respective lead plaintiff motions, we will designate a representative(s) to attend the hearing.

15. Movant is familiar with the experience, resources, and successes of our proposed Co-Lead Counsel, Scott+Scott, Attorneys at Law, LLP ("Scott+Scott") and Levi & Korsinsky, LLP ("Levi & Korsinsky"), and Liaison Counsel, Block & Leviton LLP ("Block & Leviton").

We are well aware that Scott+Scott and Levi & Korsinsky are accomplished law firms each with a history of achieving significant settlements and corporate governance reforms with defendants. We also understand that Block & Leviton has specialized securities class action experience in Massachusetts state and federal courts. Indeed, we believe that the firms' prior experience of effectively litigating complex class action lawsuits will provide comfort that the proposed Class will receive the best possible representation. We also believe that the firms will vigorously prosecute the action in a cost-effective manner and in the best interests of all members of the putative Class.

16.     Movant is committed to ensuring that the putative Class receives the best possible outcome from this litigation.

I declare, pursuant to 28 U.S.C. §1746, under the penalty of perjury that the foregoing is true and correct.

Executed this 2nd day of January, 2018.

_____
OMER YUKSEL

I declare, pursuant to 28 U.S.C. §1746, under the penalty of perjury that the foregoing is true and correct.

Executed this 2nd day of January, 2018.

_____
LIRIO FIOCCHI

I declare, pursuant to 28 U.S.C. §1746, under the penalty of perjury that the foregoing is true and correct.

Executed this 2nd day of January, 2018.

_____
SCOTT C. HARTMANN

9

I declare, pursuant to 28 U.S.C. §1746, under the penalty of perjury that the foregoing is true and correct.

Executed this 2nd day of January, 2018.

_____
SATYA KUNAPULI
on behalf of himself and as assignee for
Priya Kunapuli

I declare, pursuant to 28 U.S.C. §1746, under the penalty of perjury that the foregoing is true and correct.

Executed this 2nd day of January, 2018.

_____
RAUL ZAMUDIO